Tucker, P.
I throw out of the case, the evidence of the auctioneer, that he proclaimed that a part of the lot had been sold by the former owner in his lifetime, and that it was sold only for so much, more or less, without warranty of quantity. Where there has been a public advertisement of the terms of a sale at auction, the bidders must be presumed to have looked to those terms, if the contrary be not proved; unless it is proved, that the buyer did know of a change or variation in the terms. Whether, in any case, this knowledge can be brought home to a party who denies it, by proof that other persons heard the announcement of the change, it is not necessary to decide in this case. It would be hard to presume, that the defendant must have heard what he disclaims having heard, when eight or nine persons attending at the same time and place, equally depose that they did not hear it. But, independent of that fact, I take the purchase to have been a purchase in gross. It was not a purchase by the quantity of ground contained in the lot. It was a purchase of the lot of ground, such as it was, whether it was more or less than two acres. It was advertised as containing “ nearly two acresan indefinite expression, which excludes all idea of any accurate graduation of the price to the actual quantity of ground. It is impossible to fix upon any precise point, to which the representation can *631 be supposed to have referred. Can it be affirmed, that an * * acre and a half came within the description of “ nearly two acres?” One bidder thought it would. The party not having warranted or stated any particular quantity,—the lot being small, the enclosure pointed out, and the whole lying under the eye of the purchaser, I cannot doubt that it was a purchase in gross, and that the purchaser should be compelled to complete the contract.
The other judges concurring, decree affirmed.